IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| John Pinckney Hunter, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Carolina Care Plan, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this honorable court as follows:

I.

Plaintiff is a citizen and resident of Greenville County, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business and owns property in Greenville, South Carolina.

III.

In this matter, Plaintiff asserts entitlement to ERISA governed health benefits pursuant to ERISA 29 U.S.C.S. § 1132(a)(1)(B). This court has subject matter jurisdiction to hear this matter based upon the involvement of a federal question.

IV.

As of July 2005, Plaintiff was a participant in an ERISA governed health benefits plan sponsored by the Greenville Symphony for its employees. The health insurance plan

was insured by Employees Life Insurance Company (ELIC). However, ELIC has become defunct and the Defendant Carolina Care Plan has either purchased some of ELIC's policies including Plaintiff's or become some sort of successor in interest to ELIC such that it is responsible for payment of the Plaintiff's claim.

V.

In July of 2005, Plaintiff underwent certain diagnostic tests at the Greenville Hospital System incurring bills of $11,961.30. The bill was submitted for payment by ELIC and Defendant. Somehow, in the confusion of the transition between ELIC and the Defendant, the Greenville Hospital System bill referenced above has gone unprocessed and unpaid. Plaintiff has tried and written on numerous occasions to get the Defendant to act on the claim, but, thus far, neither the Defendant or any other person has taken any action to process or pay the claim. Plaintiff has attempted to exhaust administrative remedies, but despite his best efforts, he cannot get anyone to act on his claim. Accordingly, Plaintiff deems the claim denied and hereby pleads the doctrine of futility as an excuse for any further attempts that might be required for him to exhaust administrative remedies.

## FOR A FIRST CAUSE OF ACTION

VI.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

VII.

Plaintiff respectfully requests that this Court consider the Plaintiff's claim *de novo* and declare, pursuant to 29 U.S.C.S. §1132(a)(1)(B), that Plaintiff is entitled to the health

benefits which he seeks under the terms of the plan.  Plaintiff additionally requests that the Court award him attorney's fees and costs pursuant to 29 U.S.C.S. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the health insurance benefits he seeks pursuant to 29 U.S.C.S. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C.S. §1132(g), and such other and further relief as this Court deems just and proper.

        s/ Robert E. Hoskins
        Robert E. Hoskins, Esq., #5144
        **FOSTER LAW FIRM, L.L.P.**
        PO Box 2123
        Greenville, SC 29602
        (864) 242-6200
        (864) 233-0290 (facsimile)
        E-mail:  rhoskins@fosterfoster.com

Date: <u>November 11, 2007</u>        Attorneys for Plaintiff