IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHN CAROLINA
GREENVILLE DIVISION

Case No. 07-CV-03691-GRA

John Pinckney Hunter,

    Plaintiff,

vs.

Carolina Care Plan, Inc.,

    Defendant.

**ANSWER**

Defendant Carolina Care Plan, Inc. ("CCP"), through counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff John Pinckney Hunter ("Hunter") as follows:

**ANSWER**

1. Responding to ¶ I of the Complaint, CCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

2. Responding to ¶ II of the Complaint, CCP avers that it is a domestic corporation organized under the laws of the State of South Carolina and is a registered health maintenance organization doing business in the State of South Carolina.  CCP admits the remaining allegations of ¶ II.

3. Responding to ¶ III of the Complaint, CCP denies that it is liable to Plaintiff for any amount, or reason, whatsoever.  Further answering, CCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies same.

4. Responding to ¶¶ IV-V of the Complaint, CCP lacks knowledge or information

sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

5.  Responding to ¶ VI of the Complaint, CCP restates all material and consistent responses to ¶¶ I-V of the Complaint as fully as if stated herein verbatim.

6.  CCP denies ¶ VII of the Complaint.

7.  Responding to the unenumerated "WHEREFORE" paragraph which follows ¶ VII of the Complaint, CCP denies the allegations set forth in that paragraph, and CCP further denies that there is any triable issue of fact between Plaintiff and CCP. Therefore, CCP is entitled to judgment against Plaintiff. Further answering, CCP denies that it is liable to Plaintiff for any reason, or amount, whatsoever as a result of the allegations set forth in the "WHEREFORE" paragraph or otherwise in the Complaint.

8.  CCP denies each and every allegation of the Complaint that CCP has not heretofore specifically admitted, denied, modified, or explained, and CCP demands strict proof thereof.

**Having fully responded to the specifically enumerated paragraphs of the Complaint, CCP asserts the following additional defenses; however, CCP does not assume the burden of proof for any of the following defenses, where that burden is imposed upon Plaintiff by statute, regulation, or common law:**

### FOR A FIRST DEFENSE

9.  Plaintiff's claims against CCP are barred to the extent that Plaintiff has failed to satisfy all conditions precedent or statutory prerequisites required by applicable law under ERISA.

### FOR A SECOND DEFENSE

10. Plaintiff's claims against CCP should be dismissed because Plaintiff has failed to

state a claim or claims upon which relief can be granted.

## FOR A THIRD DEFENSE

11. Plaintiff's claims against CCP must fail because CCP's decision to deny benefits to Plaintiff was reasonable and based on substantial evidence. By asserting this as an affirmative defense, CCP does not assume the responsibility to meet any burden of proof imposed on Plaintiff by statute or common law.

## FOR A FOURTH DEFENSE

12. Plaintiff's claims against CCP must fail because CCP's decision to deny benefits was not an abuse of discretion.

## FOR A FIFTH DEFENSE

13. Plaintiff's claims against CCP should be dismissed for failure to exhaust administrative remedies as required by ERISA.

## FOR A SIXTH DEFENSE

14. Plaintiff's claims against CCP should be dismissed because his claims are barred by the doctrine of unclean hands, waiver, estoppel, or laches.

## FOR A SEVENTH DEFENSE

15. Plaintiff's claims against CCP should be dismissed because had not assumed any burden or duty with regard to Plaintiff, and, therefore, any injury alleged to have been sustained by Plaintiff was the result of another party's failure to act or wrongful act.

## FOR AN EIGHTH DEFENSE

16. Plaintiff's claim should be dismissed because this Court lacks subject matter jurisdiction.

## FOR A NINTH DEFENSE

17.    CCP reserves all other available defenses of law or fact to Plaintiff's claims against CCP, whether such defenses arise under statutory, common law, or otherwise.

**WHEREFORE**, CCP prays that:

(a)    the Court enter judgment in its favor;

(b)    the Complaint against CCP be dismissed with prejudice;

(c)    the Court award CCP its costs and attorney's fees; and,

(d)    the Court provide and award such other and further relief as it deems just and proper.

Respectfully submitted,

BY: _____
Noah M. Hicks II #9743
**AUSTIN & ROGERS, P.A.**
Post Office Box 11716
508 Hampton Street, Suite 300
Columbia, SC 29201
(803) 256-4000

Attorney for Defendant
Carolina Care Plan, Inc.

Columbia, South Carolina
This 22nd Day of January, 2008.

4